Jerome HARRIS, Appellant,

v.

The STATE of Texas, Appellee.

No. C14-81-747-CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Feb. 4, 1982.

Discretionary Review Refused
May 26, 1982.

Philip Werner, Galveston, for appellant.

James F. Hury, Jr., Dist. Atty., Galveston, for appellee.

Before MILLER, MORSE and JAMES, JJ.

MILLER, Justice.

This is an appeal from an order revoking appellant's probation and imposing sentence. On December 5, 1980, appellant pled guilty to a charge of burglary of a vehicle in the 212th District Court of Galveston County. The court entered judgment placing appellant on probation for six years. On January 23, 1981, appellant was arrested by the Galveston police on a charge of attempted burglary. A Motion to Revoke Probation was filed on March 5, based on the attempted burglary charge, carrying of an illegal knife, and failure to pay probation service and other required fees. A hearing was held on the state's motion and a revocation order was entered on April 13. Appellant timely filed his notice of appeal. We find no error in the court's order and we affirm.

Appellant raises two grounds of error, both of which are wanting of merit. First, appellant claims the trial court erred in revoking his probation for his failure to pay probation fees, court costs and reimbursement of attorney's fees. On January 5, 1981, appellant failed to make his first payment of fees to his probation officer. Appellant maintains he had been unable to find employment since his release on probation in December, 1980 and was unemployed at the time of his January visit. He claims he had a promise of a job for late January, but was arrested before he could begin work.

Appellant brings it to our attention that Article 42.12, § 8(c), Tex.Code Crim.Pro. Ann. allows a defendant to show the reason for his inability to pay probation fees. Because the evidence of his inability to pay was uncontroverted, appellant argues the trial court abused its discretion by considering this basis for revoking his probation.

There was no abuse of discretion by the trial court. We agree with appellant that a claim of abuse of discretion could be made under Article 42.12, § 8(c) where probation is revoked in the face of proof of inability to pay or lack of intent for failure to pay fees. No cases have been brought to our attention, however, where a trial court has been reversed on this basis. In this situation, the entirety of appellant's proof was his testimony he was unable to find employment for two months. Appellant came forward with no other evidence or witnesses in support of his defense of inability to pay. Article 42.12, § 8(c) (both subsections) places the burden on a defendant to raise as an affirmative defense by a

preponderance of the evidence the reason for his inability to make probation payments. *Jones v. State,* 589 S.W.2d 419 (Tex.Cr.App.1979). Generally speaking, a trial judge has the ability as the trier of fact in a probation revocation hearing to weigh the credibility of witnesses and their testimony. *Ross v. State,* 523 S.W.2d 402 (Tex.Cr.App.1975). This being the case, it was within the trial court's discretion as the trier of fact to disbelieve appellant's bare assertion of his inability to find work as the basis for his failure to pay his fees. *Ross, supra.* We believe the trial judge possessed the discretion to weigh the credibility of appellant's excuse for nonpayment under his burden to go forward with the defense, and to find it lacking. *Champion v. State,* 590 S.W.2d 495 (Tex.Cr.App.1979). This ground is overruled.

In his second ground of error appellant raises an insufficiency of the evidence claim. It is claimed the evidence was insufficient to support the court's finding that appellant committed the offense of attempted burglary. Appellant contends the evidence against him was clearly circumstantial and failed to prove, even by a preponderance, he was guilty of attempted burglary. This being the case, appellant asserts it was an abuse of discretion for the trial court to base its revocation of probation on this charge.

We disagree. After reviewing the record we hold the evidence upon which the court based its holding was sufficient. Appellant was arrested by Galveston police outside the home of Jessie Lee Smith on the early morning of January 23, 1981. Mr. Smith was awakened at approximately 2:30 A.M. by "scratching" sounds outside his bedroom and bathroom windows. Mr. Smith called the police and came out of his house armed with a large stick. He encountered appellant outside the bathroom window with a knife and pair of pliers in his hands. At that time the police arrived and arrested appellant. An investigation of the scene revealed fresh cuts on the screen windows. No other persons were seen in the immediate area.

This evidence, even though circumstantial, was sufficient to support by a preponderance the charge of attempted burglary. In *Pickett v. State,* 542 S.W.2d 868 (Tex.Cr.App.1976), the court found evidence of attempted burglary sufficient for probation revocation where the defendant was found outside a broken glass door, wearing gloves and carrying a brown plastic garbage bag. In that the state's burden of proof in a probation revocation hearing is only by a preponderance of the evidence, *Solis v. State,* 589 S.W.2d 444 (Tex.Cr.App.1979), we believe the greater weight of the evidence supported the trial court's finding. Since sufficient evidence of the attempted burglary charge existed, the trial court did not abuse its discretion by revoking appellant's probation on this basis. This ground of error is overruled.

Finding no reversible error, the judgment of the trial court revoking appellant's probation and imposing sentence is affirmed.