**Rickey Don GREEN, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. B14–82–332CR.**

Court of Appeals of Texas, Houston (14th Dist.).

Dec. 23, 1982.

William W. Vance, Bryan, for appellant.

James Kuboviak, Bryan, for appellee.

Before PAUL PRESSLER, MURPHY and ROBERTSON, JJ.

PAUL PRESSLER, Justice.

This is an appeal from an order revoking probation.

On March 20, 1980, appellant pled guilty to the offense of robbery. His punishment was assessed at six years confinement in the Texas Department of Corrections, but such was suspended and appellant was placed on probation for five years. The order of probation included the following terms and conditions:

(d) Report to the probation officer at the Brazos County Probation Office between the first and tenth day of every month or, at least once every thirty days . . .

(f) Work faithfully at suitable employment and notify the Probation Officer prior to changing employment.

(k) Pay to the Clerk of the Court $125.00, reimbursement for attorney's fees paid probationer's appointed counsel, in equal monthly installments of $5.00 each, between the first and tenth day of every month...

On July 28, 1981, the State filed a motion to revoke appellant's probation based on violation of the above-mentioned conditions. A hearing was held on April 27, 1982, and, after hearing the evidence, the trial court revoked appellant's probation.

In his sole ground of error, appellant contends that the evidence was insufficient to sustain the revocation of probation, and thus the trial court abused its discretion. We disagree.

■ Since one sufficient ground for revocation will support the court's order to revoke probation, *Moore v. State*, 605 S.W.2d 924 (Tex.Cr.App.1980), we will address only appellant's alleged violation of condition (k) which required him to pay $125.00 in $5.00 monthly installments to the Clerk of the Court for reimbursement of attorney's fees.

It is undisputed that appellant had failed from December, 1980 through July, 1981 to make any monthly payment as required by the terms of probation. Both appellant's testimony and the probation department's records show no payments were made. The appellant argues, however, that he was unemployed during this period and had no other source of income, and this was the reason he was unable to pay the fees.

■ In order to support an order for revocation of probation based on the non-payment of reimbursement fees, the evidence must show that appellant had the ability to make the payments and that failure to make such was intentional. *Basaldua v. State*, 558 S.W.2d 2 (Tex.Cr.App. 1977); *Fletcher v. State*, 547 S.W.2d 634 (Tex.Cr.App.1977); *Ivy v. State*, 545 S.W.2d 827 (Tex.Cr.App.1977).

■ Appellant's probation officer, Greta Horton, testified that appellant was receiving on-the-job training at Crimpomatic in Bryan through a program similar to CETA and that he quit his job in May, 1981, without notice to his employer, prior to the end of his training grant. Appellant also testified that he "had the choice of either leave or complete the training period." He said he felt he "had enough experience to go out in society and try to find a job ..." Appellant's inability to pay his fees resulted from his wilful failure to complete his on-the-job training which could have provided funds with which to pay the monthly fee of $5.00. This circumstance amply supports the trial court's decision to revoke appellant's probation.

We affirm.

**In the Matter of C. J. P., a minor, Appellant,**