

# The Attorney General of Texas

March 14, 1983

**JIM MATTOX**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

.20 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable James L. Chapman
District Attorney
113 College Street
Sulphur Springs, Texas    75482

Opinion No. JM-10

Re:   Revocation of probation under article 42.12, section 8(c) for probationer's failure to make court ordered payment

Dear Mr. Chapman:

In 1977, the Texas Legislature added section 8(c) to article 42.12 of the Code of Criminal Procedure. Acts 1977, 65th Leg., ch. 342, §2, at 909 and ch. 388, §2, at 1058. In 1981, the legislature amended this section. Acts 1981, 67th Leg., ch. 538, §2, at 2246. The following information furnishes the background for your question, which is set out below.

Prior to 1977, in order to revoke probation for nonpayment of fees, the state had to prove that the probationer was able to make fee payments and that he intentionally failed to do so. See, e.g., Whitehead v. State, 556 S.W.2d 802 (Tex. Crim. App. 1977). Section 8(c) changed this rule by making inability to pay certain fees an affirmative defense to the failure to pay them. When the 1977 legislature enacted this section, however, it enacted two versions of it. One version provided:

> In a probation revocation hearing at which it is alleged <u>only</u> that the probationer violated the conditions of probation by failing to pay probation fees, court costs, restitution, or reparations, the inability of the probationer to pay as ordered by the court is an affirmative defense to revocation, which the probationer must prove by a preponderence of evidence. (Emphasis added).

Acts 1977, 65th Leg., ch. 342, §2, at 909. The other version provided:

> In a probation revocation hearing at which it is alleged the the probationer violated the conditions of probation by failing to pay

> compensation paid to appointed counsel, probation
> fees, court costs, restitution, or reparations,
> the inability of the probationer to pay as ordered
> by the court is an affirmative defense to
> revocation, which the probationer must prove by a
> preponderence of evidence.   (Emphasis added).

Acts 1977, 65th Leg., ch. 388, §2, at 1058.

As the underscored language indicates, these two versions differed in two respects.   In 1981, in an effort to clear up this confusion, the legislature enacted House Bill No. 865.   Acts 1981, 67th Leg., ch. 538, §2, at 2246.   In its original form, this bill purported only to repeal the chapter 342 version of section 8(c). During committee hearings on the bill, however, the word "only" was added to the chapter 388 version.   As a result, section 8(c) now reads:

> In a probation revocation hearing at which it
> is alleged only that the probationer violated the
> conditions of probation by failing to pay
> compensation paid to appointed counsel, probation
> fees, court costs, restitution, or reparations,
> the inability of the probationer to pay as ordered
> by the court is an affirmative defense to
> revocation, which the probationer must prove by a
> preponderance of evidence.   (Emphasis added).

In your letter to this office, you asked:

> What is the effect of the addition of the word
> 'only' to this section?   I would like to take the
> position that if there are technical allegations
> alleging a failure to pay coupled with substantive
> allegations alleging commission of another offense
> that there is no defense to failure to pay.
> However, there is another reading to the statute
> as amended and that is if there are allegations of
> failure to pay, coupled with allegations of a
> substantive offense, then we are back under the
> old law which requires the state of Texas to
> prove, by a preponderence, the ability to pay.

Contrary to your assumption, the word "only" was not first added to section 8(c) in 1981.   This word appeared in one of the two earlier versions of this section.   In order to determine whether, as you essentially argue, section 8(c) creates an affirmative defense to the failure to pay fees only when nonpayment of fees is the sole ground for revocation asserted in a revocation hearing, we must answer two

questions:   (1) was this the law under the 1977 amendments? and (2) did House Bill No. 865 change this law?

We answer the second question in the negative.  House Bill No. 865 simply combined the two 1977 versions of section 8(c).  Two years before this bill was enacted, however, the Texas Court of Criminal Appeals said that these two versions should be treated as if combined. In Jones v. State, 589 S.W.2d 419 (Tex. Crim. App. 1979), the court stated that the 1977 legislature had "doubtless inadvertently" enacted the two versions, but concluded that:

> [t]he two amendments in question are reconcilable and combine to make inability to pay the enumerated fees an affirmative defense which the defendant must raise and prove by a preponderance of evidence.  (Emphasis added).

589 S.W.2d at 421.  Since section 8(c), as amended by House Bill No. 865, reads the same as the 1977 amendments, as construed in Jones, we believe it is apparent that the bill effected no substantive change in the prior law.  On the contrary, it simply made the explicit wording of section 8(c) conform to the wording which Jones said was implicit in this section.  The remaining question, therefore, is:  what was the law under the 1977 amendments?

In addition to Jones, Champion v. State, 590 S.W.2d 495 (Tex. Crim. App. 1979), dealt with the 1977 amendments.  Neither case, however, decided how these amendments were to be construed where failure to pay fees was not the only ground for revocation of probation asserted in a revocation hearing.  In Jones, no other ground was asserted.  In Champion, additional grounds were urged, but the court's holding is not clear.  In its opinion, the court discussed only the chapter 388 version of section 8(c), without mentioning the chapter 342 version.  Thus, Champion affords no clue as to how the two versions should be construed.

Since court cases do not answer our question, we must construe these amendments in the manner which, in our opinion, best reflects the legislature's intent.  Ex parte Roloff, 510 S.W.2d 913, 915 (Tex. 1974).  These amendments, we believe, were susceptible of three interpretations:   (1) they created an affirmative defense where failure to pay fees was the only basis for revocation asserted, but left the law as it had been, see Whitehead v. State, supra, in instances where additional grounds were asserted; (2) they created an affirmative defense where failure to pay fees was the only ground asserted, but afforded probationers no defense to nonpayment where other grounds were also asserted; or (3) they created an affirmative defense to the failure to pay fees even where, in addition to this ground, other grounds for revocation of probation were urged.

We reject the first interpretation.  We believe the intent of the 1977 amendments was to facilitate the state's case in nonpayment-of-fees cases by relieving the state of the burden of having to prove that the probationer could make fee payments and that he intentionally failed to do so.  Given this intent, we can perceive no reason why the legislature would have wanted to relieve the state of this burden where nonpayment of fees is the only ground for revocation urged, but require it to bear the burden where additional grounds are urged.  In our opinion, the legislature wanted to relieve the state of this burden in all instances.  Had the legislature's intent been otherwise, we believe that clear evidence to this effect would appear in the language or history of the 1977 amendments.

We also reject the second interpretation.  This theory would place probationers against whom multiple grounds for revocation are asserted in a more tenuous position than they were in even under the pre-1977 law.  Under that law, the state had to prove ability to pay and intent not to do so.  Under the "no defense" theory, however, the state would only have to show that a probationer failed to pay required fees.  In our opinion, if the legislature had intended to provide probationers with an affirmative defense where failure to pay fees is the only ground for revocation asserted, but afford them no defense where additional grounds are urged, it would have provided clear evidence to this effect.  Absent any such evidence, we decline to conclude that this was its intent.

The remaining interpretation is, in our judgment, correct. First, we believe it is more reasonable to conclude that the legislature intended to make inability to pay fees an affirmative defense to nonpayment regardless of how many grounds for revocation of probation are asserted.  Second, for the reasons we have given, we believe that neither of the other interpretations of section 8(c) is as plausible.  We therefore conclude that under the 1977 amendments, inability to pay required fees was an affirmative defense to nonpayment of fees even where other grounds for revocation of probation were asserted.  Because we believe that House Bill No. 865 did not effect any substantive change in the law, we conclude that the law remains the same today.

Harris v. State, 629 S.W.2d 832 (Tex. Civ. App. - Houston [14th Dist.] 1982) discretionary review refused, May 26, 1982, supports our construction of section 8(c).  There, probation was revoked on three grounds, one of which was nonpayment of fees.  On appeal, the probationer contended, inter alia, that the trial court should not have considered his failure to pay the fees in revoking his probation, since his testimony as to his inability to pay the fees was uncontroverted.  The court, however, rejected this argument.  It observed that the only evidence of his inability to pay was his own testimony to this effect, and concluded that the trial court could "disbelieve

appellant's bare assertation of his inability to find work as the basis for his failure to pay fees."  629 S.W.2d at 834.

The court's discussion and approach to the case show that it was of the opinion that inability to pay fees is an affirmative defense to nonpayment even where nonpayment is not the only ground for revocation asserted.  Had it thought that the state must prove ability to pay and intent not to do so where additional grounds are urged, the court could not have reached the conclusion it did, since the probationer's testimony that he was unable to pay the fees was uncontroverted.  Had the court thought that inability to pay is no defense where additional grounds are asserted, it would almost certainly have decided the case on that basis, and not discussed the merits of the probationer's testimony.  The fact that the court concluded that the probationer did not offer sufficient proof of inability to pay clearly shows that it felt that inability to pay is an affirmative defense even where nonpayment is not the only basis for revocation asserted.  Several of the court's comments, i.e., its observation that "[a]ppellant came forward with no other evidence of witnesses in support of his defense of inability to pay," 629 S.W.2d at 833 (emphasis added), support this conclusion.

In answer to your question, then, the word "only" was in all likelihood added to section 8(c) in 1981 to make this section read as the Jones court said the 1977 versions of it should read.  Under section 8(c), as amended in 1981, inability to pay fees is an affirmative defense to the failure to pay them, regardless of whether, in addition to failure to pay fees, other grounds for revocation of probation are urged in a revocation hearing.

                          S U M M A R Y

        Under section 8(c) of article 42.12 of the Code
    of Criminal Procedure, inability to pay fees is an
    affirmative defense to the failure to pay them,
    regardless of whether, in addition to failure to
    pay fees, other grounds for revocation of
    probation are urged in a revocation hearing.

                              Very truly yours,

                              J I M   M A T T O X
                              Attorney General of Texas


TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

Prepared by Jon Bible and
Barbara Lipscomb
Assistant Attorneys General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Rick Gilpin
Jim Moellinger