**Dwain ALLEN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. C14–83–762CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Oct. 25, 1984.

**184**

Randy McDonald, Houston, for appellant.

Calvin Hartmann, Houston, for appellee.

Before JUNELL and SEARS, JJ., and T. GILBERT SHARPE, J. (Retired).

OPINION

SEARS, Justice.

This is an appeal from an order revoking probation.

Appellant alleges in two grounds of error that the trial court abused its discretion in revoking the probation because: (1) the evidence failed to show both ability to pay costs and fees imposed by the court and intentional non-payment and, (2) the guilty plea to a subsequent criminal charge was coerced. We find no error and affirm.

On April 7, 1983, Appellant pled guilty to a charge of forgery. His punishment was assessed at four years confinement in the Texas Department of Corrections and a $700.00 fine. The imposition of sentence was suspended and the Appellant placed on probation pursuant to TEX.PENAL CODE ANN. art. 42.12, § 3 (Vernon 1979). The probation agreement ordered the Appellant to: (1) pay a $700.00 fine in monthly installments of $50.00 beginning May 8, 1983; (2) pay $91.00 in court costs by May 8, 1983; (3) pay a probation supervisory fee of $15.00 per month beginning May 8, 1983; (4) pay a $150.00 reimbursement to Harris County for court-appointed counsel in monthly installments of $10.00 beginning May 8, 1983; and (5) pay $15.00 per month in restitution to the Crime Stoppers of Houston, Inc. beginning May 8, 1983.

On September 23, 1983, the State filed a Motion to Revoke Probation alleging failure to pay the above fees and the commission of a subsequent crime. The State's motion was granted on November 4, 1983, and the original sentence and fine were imposed on the Appellant.

It is undisputed that Appellant failed to make any monthly payments as agreed under the terms of probation beyond one $40.00 payment in May, 1983, representing $15.00 towards the supervisory fee, $10.00 for appointed counsel, and $15.00 to Crime Stoppers, Inc. Where revocation of probation is based upon the non-payment of fees and costs under the terms of the probation agreement, there must be a showing at the revocation hearing of the

probationer's ability to make the payments and that his failure was intentional. *Fletcher v. State,* 547 S.W.2d 634 (Tex. Crim.App.1977); *Herrington v. State,* 534 S.W.2d 331 (Tex.Crim.App.1976). Testimony by the Appellant's probation officer indicates that Appellant reported he was employed throughout the period of non-payment. Appellant testified that he worked at various jobs during his probation and that during the probationary period he was living at home with his mother who was also employed. Although Appellant asserts an inability to make his probation payments because he was contributing his salary towards essential household expenses, he testified that he bought a television set on a time payment plan and successfully made all the payments as they came due during his probation. The Appellant also testified that he used his earnings to pay for automobile repairs.

■■■ It is within the trial court's discretion to disbelieve the probationer's assertion of his inability to make the probation payments. *Harris v. State,* 629 S.W.2d 832 (Tex.App.—Houston [14th Dist.] 1982, pet. ref'd). Further, we must view the evidence in a light most favorable to the verdict. *Jones v. State,* 589 S.W.2d 419 (Tex.Crim.App.1979). The evidence demonstrates the State met its burden of making a prima facie showing of Appellant's ability to make payments, and that the failure to pay was intentional. Further, there is no showing of any abuse of discretion by the trial court. The first ground of error is overruled.

■■■ During the revocation hearing the State introduced a misdemeanor judgment against the Appellant on a charge of theft to which Appellant pled guilty on September 6, 1983. Appellant attacks this conviction on the ground that his plea of guilty was involuntary and was coerced by the prosecutor's statement that the conviction would not affect his probation. Appellant testified that he told the prosecutor of his probation, stated that if he pled guilty it would revoke his probation, and asked for an attorney. The prosecutor then allegedly told him that his plea of guilty would not affect his probation. While we feel a question of impropriety is raised when a prosecutor negotiates a guilty plea from a person on probation who is not represented by counsel, Appellant has failed in this case to substantiate his charges. The prosecutor in question was not called to testify at the hearing and no other proof was given to the court. In any event, the theft conviction was not the sole basis for revocation as the court also based revocation on the non-payment of fees and fines. Proof of any single alleged violation of a condition of probation is sufficient to support revocation. *Green v. State,* 650 S.W.2d 464 (Tex. App. — Houston [14th Dist.] 1982, no pet.); *Moore v. State,* 605 S.W.2d 924 (Tex.Crim. App.1980). The second ground of error is overruled.

The Appellant's grounds of error are overruled and the revocation of probation affirmed.