Ham v. State 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-90-234-CR




DEANNA SPAIN HAM,



 APPELLANT


vs.




THE STATE OF TEXAS,



 APPELLEE

 




FROM THE COUNTY COURT OF CALDWELL COUNTY, 


NO. 19,926, HONORABLE EDWARD L. JARRETT, JUDGE



 




PER CURIAM



 A jury found appellant guilty of criminal nonsupport and assessed punishment at
imprisonment for six months and a $1000 fine. Tex. Pen. Code Ann. § 25.05 (1989). On the
recommendation of the jury, imposition of sentence was suspended and appellant was placed on
one year's probation. Appellant's sole contention on appeal is that the evidence is insufficient to
prove her ability to provide the support made the basis of the charge. Appellant does not dispute
her failure to provide the required support.

 The criminal nonsupport statute, Tex. Pen. Code Ann. § 25.05 (1989), provides
in part:



(a) An individual commits an offense if he intentionally or knowingly fails to
provide support for his child younger than 18 years of age, or for his child who is
the subject of a court order requiring the individual to support the child.


. . . .


(d) It is an affirmative defense to prosecution under this section that the actor
could not provide support for his child.



Before it was amended in 1987, § 25.05 stated, in part: 



(a) An individual commits an offense if he intentionally or knowingly fails to
provide support that he can provide and that he was legally obligated to provide for
his children younger than 18 years, or for his spouse who is in needy
circumstances.


. . . .


(f) It is an affirmative defense to prosecution under this section that the actor could
not provide the support that he was legally obligated to provide.



1973 Tex. Gen. Laws, ch. 399, § 1. The 1973 version of § 25.05 required the State to prove that
the defendant was able to provide support as an element of the offense; it also required the
defendant to prove her inability to provide support as an affirmative defense. See Lowry v. State,
692 S.W.2d 86 (Tex. Cr. App. 1985). The 1987 amendment of § 25.05 resolved the conflict in
the statute. As amended, the defendant's ability to provide support is not an element of the
offense. Instead, inability to provide support is an affirmative defense. 1987 Tex. Gen. Laws,
2d C.S., ch. 73, § 13.

 In this case, the State alleged in the information that on December 15, 1989,
appellant failed to provide support "that she could have provided." The jury was given the
following charge:



I.



 An individual commits the offense of Criminal Nonsupport, if he intentionally
or knowingly fails to provide support that he was legally obligated to provide for
his child younger than 18 years, or for his child requiring the individual to support
the child [sic].


. . . .


III.



 Now bearing in mind the foregoing instructions, if you believe form the
evidence beyond a reasonable doubt, that the defendant, DEANNA SPAIN HAM,
on or about the 15th day of December, 1989, in the County of Caldwell, and State
of Texas, as alleged in the information, did then and there intentionally or
knowingly fail to provide support that she could have provided and that she was
legally obligated to provide for Jeramey Wayne Ham and Kirstin Rene Ham, who
were then and there the children of the said defendant, and said children were then
and there under the age of 18 years, you will find the defendant guilty of the
offense of Criminal Nonsupport and so say by your verdict, but if you do not so
believe, or if you have a reasonable doubt thereof, you will acquit the defendant
and say by your verdict "Not Guilty".


IV.



 It is an affirmative defense to prosecution for criminal non-support that the
defendant could not provide the support that she was legally obligated to provide. 

 The burden of proof is on the defendant to prove an affirmative defense by
a preponderance of the evidence. The term "preponderance of the evidence"
means the greater weight of credible evidence.


 Now, therefore, if you find and believe from the evidence beyond a
reasonable doubt that the defendant did commit the offense of criminal non-support
as alleged in the information but you further find by a preponderance of the
evidence that the defendant could not provide the support, if any, that she was
legally obligated to provide, you will acquit the defendant and say by your verdict
"not guilty".


 An appellate court measures the sufficiency of the evidence to support a conviction
against the charge given the jury. Nickerson v. State, 782 S.W.2d 887, 891 (Tex.Cr. App.
1990); Boozer v. State, 717 S.W.2d 608, 610 (Tex. Cr. App. 1984). Paragraph III of this charge,
considered alone, authorized the jury to convict if it found that appellant failed to provide support
"that she could have provided." That is, it erroneously, but without objection by the State,
required the State to prove appellant was able to provide support. Nickerson, 782 S.W.2d at 891;
Benson v. State, 661 S.W.2d 708, 715 (Tex. Cr. App. 1982)(opinion on second rehearing). 

 However, the Court of Criminal Appeals has stated that it is a misapplication of
Boozer to measure the sufficiency of the evidence against the application paragraph alone. 
Instead, the evidence must be measured against the jury charge as a whole. Garrett v. State, 749
S.W.2d 784, 803 (Tex. Cr. App. 1986)(opinion on rehearing). When paragraph IV of the charge
is read together with the preceding paragraphs, the charge can be understood to correctly place
the burden on appellant to prove, by a preponderance of the evidence, that she could not provide
the required support on December 15, 1989. We therefore review all the evidence relevant to
appellant's ability to provide support to determine whether the jury's rejection of the affirmative
defense is so against the great weight and preponderance of the evidence as to be manifestly
unjust. Meraz v. State, 785 S.W.2d 146 (Tex. Cr. App. 1990).

 Appellant was obligated to pay child support under a divorce decree rendered in May
1989. The decree required appellant to pay her ex-husband $100 on the first and the fifteenth of
every month, with the first payment due on May 15, 1989. When the divorce decree was
rendered, appellant was working for Harold Farb Property Management in Houston. Farb paid
appellant a net monthly salary of $850 and provided her an apartment with the electric utilities. 
Appellant quit her job at Farb on July 15, 1989, to take a manager's position with A.R. Ruth
Management. A.R. Ruth offered her a salary increase to $1100 per month plus an apartment. 
Appellant worked there about three weeks and then left voluntarily; she explained that the job with
A.R. Ruth was in a high-crime area.

 Appellant and her boyfriend moved to Spring, where they rented a small, three-bedroom trailer. Appellant filed for unemployment compensation, which was denied because she
had voluntarily left her previous job. She sought employment with three businesses, Dairy
Queen, Kroger, and Randell. On September 15, 1989, appellant began working for a Dairy
Queen as a cashier at $4 per hour. She continued to work there until May 22, 1990. 

 Appellant testified that she worked 40 hours a week at Dairy Queen and that through
December she only missed 1½ weeks for bad weather and a few days for sickness; she earned a
net weekly wage of $95. Appellant's 1989 Form W-2, however, showed her net wages from
Dairy Queen to total only $468.13. Appellant stated that around December 15, 1989, she was not
taking any medication and nothing was preventing her from working. She testified that after
paying for monthly rent, utilities, food, laundry, and miscellaneous expenses while working at
Dairy Queen, she had about $5 left, which covered unexpected items. During this time, appellant
had no transportation expense apart from $225 which she paid for a car which was repossessed.

 Appellant sent her resume to companies in the leasing industry, and in July 1990 was
hired by Kaplin, a property management company. At the time of trial, appellant was working
for Kaplin in Baytown at the Villa Marine Apartment.

 During her marriage to her ex-husband, appellant worked as a bartender, earning an
average of $700 per month. She also had a job for three weeks selling advertising for the Houston
Community Newspaper; the newspaper let her go because of illness and filled the position in her
absence. 

 Appellant stated that during her marriage and divorce she borrowed money from her
parents. In describing the expenses she had around December 15, 1989, appellant said that she
had to borrow money from her parents to take the children home. However, she borrowed no
money from them to pay her child support. Appellant testified that she felt she had exhausted that
source of money over the last 15 years and that she could only ask so much of her parents. 
Appellant also testified that she talked to her father about borrowing money from him and that
they decided she was in the right and should fight the charges in this case. She stated that if the
children had been in an extreme emergency, she probably could have borrowed the money from
her parents.

 Appellant testified that she was doing her job at A.R. Ruth properly and that, all
things being the same as when she quit, she would probably still be employed there if she had not
left. The voluntary actions taken by appellant which reduced her available income can be
considered in determining her ability to provide support. See, e.g., Dugan v. State, 730 S.W.2d
15 (Tex. App. 1987, pet. ref'd) (salary earned at previous jobs and voluntary resignation were
factors in assessing probationer's claim of inability to pay fees); Green v. State, 650 S.W.2d 464
(Tex. App. 1982, no pet.) (probationer's willful failure to complete on-the-job training was
relevant to his ability to pay fees). Had she chosen to, appellant could have continued to work
for A.R. Ruth at a substantially higher salary than the minimum wage she earned working for
Dairy Queen. The jury was entitled to consider the evidence that appellant was capable of earning
a higher salary, that she chose to leave that job for one paying minimum wage, and that she chose
not to borrow money from her parents. Considering all the relevant evidence, we do not find the
judgment rejecting appellant's defense of inability to provide support on December 15, 1989, so
against the great weight and preponderance of the evidence as to be manifestly unjust.

 Even if the information and charge are read so as to place on the State the burden to
prove appellant's ability to provide support, we find the evidence sufficient. Viewing the evidence
in the light most favorable to the prosecution, a rational juror could have found, beyond a
reasonable doubt, that appellant was able to provide support on December 15, 1989. Jackson v.
Virginia, 443 U.S. 307 (1979); Humason v. State, 728 S.W.2d 363 (Tex. Cr. App. 1987).

 We affirm the judgment of conviction.


[Before Justices Powers, Aboussie and Kidd]

Affirmed

Filed: September 11, 1991

[Do Not Publish]