Affirmed and Memorandum Opinion
filed July 22, 2010

 

In
The

Fourteenth
Court of Appeals



NO. 14-08-00749-CR



David Eric
Molinar, Appellant 

v.

The State of
Texas, Appellee 



On Appeal from
the 262nd District Court

Harris County, Texas

Trial Court
Cause No. 999250



 

MEMORANDUM OPINION 

After the trial court found David Eric Molinar violated
his probation by failing to complete sex-offender counseling, it revoked his
community supervision and sentenced him to ten years’ confinement in the
Institutional Division of the Texas Department of Criminal Justice.  Molinar
appeals the ruling, arguing the trial court erred by (1) denying his motion for
continuance; (2) denying his motion to quash; (3) admitting evidence that
violated constitutional prohibitions against double jeopardy; and (4) admitting
into evidence his polygraph-examination results.  He also argues that the trial
court abused its discretion by revoking his community supervision for failing
to admit guilt.  Molinar complains that the revocation (5) violated his
constitutional right against self-incrimination and (6) was supported by insufficient
evidence.  We affirm.

Facts

            In 2005, a jury
found David Eric Molinar guilty of the felony offense of sexual assault of a
child.  The jury assessed Molinar’s punishment at ten years’ confinement in the
Institutional Division of the Texas Department of Criminal Justice, but
recommended Molinar be placed on community supervision for ten years.  In 2007,
the State filed a motion to revoke Molinar’s community supervision because he
allegedly violated the conditions of his probation by failing to: (1) submit to
sex-offender-treatment evaluation immediately upon referral; (2) attend and
participate in such a program and to submit written proof to the community-supervision
officer; and (3) be successfully discharged from the program.  The trial court
held a hearing on the motion, and Molinar pleaded true to at least one of
State’s allegations.  After hearing all the evidence, the trial court found the
State’s allegations true, revoked Molinar’s community supervision, and
sentenced Molinar to ten years’ confinement in the Institutional Division of
the Texas Department of Criminal Justice.  This appeal followed.   

Motion for Continuance

            Molinar complains
the trial court erred by refusing to grant his motion for continuance, which he
claims violated his due-process right to present a defense.  He sought the
continuance to subpoena several other patients from the sex-offender-treatment
program that he was attending.  Molinar wanted these witnesses to testify about
his behavior during the treatment sessions.  The State contends Molinar did not
preserve his issue for review because his motion for continuance was oral, and
the motion should have been in writing and filed to conform to the statutory
requirements.  Additionally, the State argues Molinar failed to file a motion
for new trial, which is also necessary to preserve error for review.[1]

             The requirements
for a continuance motion are provided in Articles 29.03 and 29.08 of the Texas
Code of Criminal Procedure.  Anderson v. State, 301 S.W.3d 276, 278–79
(Tex. Crim. App. 2009); see Tex. Code Crim. Proc. Ann. arts. 29.03,
29.08 (Vernon 2006).  The State or the defendant may seek to continue a
criminal action if a written motion is filed that demonstrates sufficient cause
for the delay.  Tex. Code Crim. Proc. Ann. art. 29.03.  The motion for
continuance must also be sworn by a person who has personal knowledge of the
facts in the motion.  Tex. Code Crim. Proc. Ann. art. 29.08.  The Court of
Criminal Appeals has interpreted these statutes to require a party file a
sworn, written motion for continuance to preserve the issue for appeal if the
trial court denies the motion.  Anderson, 301 S.W.3d at 279; Dewberry
v. State, 4 S.W.3d 735, 755 (Tex. Crim. App. 1999) (stating “motion for
continuance not in writing and not sworn preserves nothing for review”).  

            Recently, the Court
of Criminal Appeals was confronted with the issue of whether there is a “due
process exception” to the statutory requirements for a continuance motion.  See
Anderson, 301 S.W.3d at 278–80.  In reviewing the denial of an oral
motion for continuance, the Corpus Christi court of appeals concluded a party
may appeal the denial of a continuance if it amounted to a due-process denial,
specifically the right to present a defense.  Id. at 278.  Thus, the
appellate court acknowledged the procedural requirement, but overcame it by
invoking a “due process exception.”  Id. at 278.  The Court of Criminal
Appeals held that the Corpus Christi court erred in concluding the appellant need
not preserve the error because the right to present a complete defense is
subject to forfeiture if not properly preserved.  Id. at 279–80
(discussing “there is nothing to prohibit Articles 29.03 and 29.08 as operating
as a rule of procedural default”).  Because there is no “due process exception”
to the preservation requirements of Articles 29.03 and 29.08, the Court of
Criminal Appeals held the appellant failed to preserve his claim.  Id.
at 280–81.

            As in Anderson,
Molinar did not file a sworn written motion for continuance.  Although Molinar
received a ruling on the motion, he failed to follow the proper procedural
requirements; hence, we cannot review the trial court’s denial of his motion
for a continuance.  Accordingly we overrule Molinar’s first issue.         

Motion to Quash

            In his second
issue, Molinar complains the trial court erred when it improperly denied his
motion to quash the allegations against him in the State’s motion to revoke. 
Molinar claims the allegations were vague and “cannot be defended.”  The State
contends Molinar failed to preserve this issue for review because his motion to
quash was not in writing, as required by the Texas Code of Criminal Procedure.[2]

            All motions to
set aside an information or an indictment and all special pleas and exceptions
must be in writing.  Tex. Code Crim. Proc. Ann. art. 27.10 (Vernon 2006); Roy
v. State, 76 S.W.3d 87, 99 (Tex. App.—Houston [14th Dist.] 2002, no pet.); see
Faulks v. State, 528 S.W.2d 607, 609 (Tex. Crim. App. 1975).  When the
trial court overrules an oral motion to quash, it preserves nothing on appeal
because the motion was not in writing.  See Quarles v. State, 398 S.W.2d
935, 937 (Tex. Crim. App. 1966); Crum v. State, 946 S.W.2d 349, 358
(Tex. App.—Houston [14th Dist.] 1997, pet. ref’d).  Because we have only
Molinar’s oral motion to quash before us, Molinar has not preserved this issue
for review.  See Crum, 946 S.W.2d at 358.  Accordingly, we overrule
Molinar’s second issue.   

Double Jeopardy

            In his third
issue, Molinar contends the trial court violated his constitutional protections
against double jeopardy.  Specifically, Molinar complains the trial court based
his probation revocation on disruptive conduct, which was previously used
against Molinar to jail him for fourteen days; hence, he was punished multiple
times for one offense.  The State first claims Molinar waived this issue.  But
it then asserts even if Molinar preserved this issue for review, Molinar’s
fourteen-day stay in jail was not punishment, but a modified condition of his
community supervision.

            The Double
Jeopardy Clause provides three separate protections for the accused.  Brown
v. Ohio, 432 U.S. 161, 165 (1977).  These protections include: (1) the
protection against a second prosecution for the same offense after the accused
was acquitted; (2) the protection against a second prosecution for the same
offense after the accused was convicted; and (3) the protection against
multiple punishments for the same offense.  Id.; Ex parte Stover,
946 S.W.2d 343, 345 (Tex. Crim. App. 1997); Ex parte Broxton, 888 S.W.2d
23, 25 (Tex. Crim. App. 1994).  Here, Molinar contends the trial court violated
the third Double Jeopardy Clause protection.  

When Molinar was placed on community supervision, he
signed a document entitled “Conditions to Community Supervision.”  By signing
this document, Molinar agreed the court could alter or modify the conditions of
his community supervision.  According to the record and the trial judge’s
clarification of the record, while Molinar was on probation, “He received 14
days as a condition of his probation for his alleged disruption at group
therapy, and he was given a choice of either having a hearing on the allegation
or taking 14 days as a condition of his probation.  He chose after consulting
with his attorney, to choose the 14 days.”  Thus, the jail time Molinar served
was not a “punishment,” but a modified condition of his community supervision
that he agreed to fulfill.  The “Conditions to Community Supervision” document
Molinar signed informed him that his conditions could be modified; therefore,
the fourteen days in jail do not constitute a punishment from which there could
be any double-jeopardy implications.  

Additionally, the record reflects after Molinar
completed his fourteen-day jail sentence, he was allowed to return to the sex-offender-treatment
program.  Because he was never discharged after successful completion of the
program, he violated one of his community-supervision conditions.  Molinar’s
community supervision was revoked because he failed to submit to
sex-offender-treatment evaluation, failed to attend and participate in such a
program, and failed to submit written proof to his community-supervision
officer that he had participated.  The trial court’s order does not indicate whether
Molinar’s community supervision was revoked because of the conduct that led to
the modification of his probation.  Double jeopardy does not apply. 
Accordingly, we overrule Molinar’s third issue on appeal.  

Polygraph

In his fourth issue, Molinar contends the trial court
erred, during the revocation hearing, by admitting evidence of the results of
his polygraph examination.  The State claims the evidence of Molinar’s
polygraph results had previously been entered into evidence without objection;
therefore, Molinar failed to properly preserve error on this issue.  

Molinar
is correct that evidence of polygraph results is inadmissible for all
purposes.  Woods v. State, 301 S.W.3d 327, 333 (Tex. App.—Houston [14th
Dist.] 2009, no pet.) (citing Tennard v. State, 802 S.W.2d 678, 683
(Tex. Crim. App. 1990)).  Both the results of a polygraph examination and the
“fact” of failing a polygraph examination are inadmissible.  Nesbit v. State,
227 S.W.3d 64, 66 n.4 (Tex. Crim. App. 2007).  A party must object, however,
when evidence is presented in order to preserve a complaint on appeal.  Ethington
v. State, 819 S.W.2d 854, 858 (Tex. Crim. App. 1991).  The objection must
be timely, proper, and specific.  Moff v. State, 131 S.W.3d 485, 489 (Tex.
Crim. App. 2004) (explaining how the objection must be specific unless the
context makes the particular ground apparent).  The party must object as soon
as “the objectionable nature of the evidence” becomes apparent.  Ethington,
819 S.W.2d at 858.  A party must object every time the inadmissible evidence is
offered.  Martinez v. State, 98 S.W.3d 189, 193 (Tex. Crim. App. 2003)
(citing Ethington, 819 S.W.2d at 858).[3] 
If the objection is not continuously noted, the error in the admission of
evidence will be cured when the same evidence is admitted elsewhere without
objection.  Valle v. State, 109 S.W.3d 500, 509–10 (Tex. Crim. App.
2003); Ethington, 819 S.W.2d at 858 (citing Hudson v. State, 675
S.W.2d 507, 511 (Tex. Crim. App. 1984)).  The error, therefore, would be
rendered harmless.  Dickson v. State, 246 S.W.3d 733, 744 (Tex.
App.—Houston [14th Dist.] 2007, pet. ref’d).  

Here,
before testimony about Molinar’s polygraph results was introduced, the State
had entered into evidence State’s Exhibit 1, which was a letter from Molinar’s
therapist Dr. Edd to Molinar’s probation officer.  In the letter, Dr. Edd stated,
“On April 18, [Molinar] blandly informed the group that he failed his instant
offense polygraph on April 16 and seemed not to think much of it.”  The State
introduced this letter without any objection from Molinar.  Additionally, after
the trial court overruled Molinar’s objection to the polygraph information,
which the trial court expressly stated he would not consider if it was not
admissible, Molinar did not object to subsequent questions about the polygraph
information.  See Valle, 109 S.W.3d at 509–10.  Molinar’s complaint is
without merit.  Accordingly, we overrule his fourth issue.     

Self-Incrimination

In his fifth issue, Molinar argues the trial court
abused its discretion by revoking his community supervision because he failed to
admit his guilt during treatment sessions.  Molinar complains that requiring
him to make an admission of guilt violated his constitutional right to not
incriminate himself.  The State contends Molinar did not invoke his privilege
against self-incrimination; therefore, the right was not violated. 
Furthermore, the State argues the trial court did not use this evidence as a
basis for revoking Molinar’s community supervision.   

            Under the Fifth
Amendment Self-Incrimination Clause, no person “shall be compelled in any
criminal case to be a witness against himself.”  U.S. Const. amend. V; McKune
v. Lile, 536 U.S. 24, 35 (2002).  A criminal defendant does not lose this
privilege because he has been convicted of a crime.  Chapman v. State,
115 S.W.3d 1, 5–6 (Tex. Crim. App. 2003).  Although Molinar claims his right
against self incrimination was violated, he does not cite any cases or provide
this court with any guidance in determining how the right was violated.  See
Tex. R. App. P. 38.1(i).  Additionally, the trial court stated it was not using
this evidence as a basis for revocation.  The fact remains Molinar’s probation
was conditioned on Molinar attending and participating in the sex-offender
treatment as well as being successfully discharged from the program.[4]  Without
citing any authority to either explain how his Fifth Amendment rights were
violated or how any of the conditions of his probation are unconstitutional, he
has not adequately briefed the issue for this court to review.  See Tex.
R. App. P. 38.1(i).  Therefore, we overrule his fifth issue.       

 

 

Sufficiency of the Evidence

            Molinar contends
the evidence in the record does not support the trial court’s ruling to revoke
his probation.  He complains the only evidence concerning his alleged
disruptive behavior during the treatment sessions was from Dr. Edd.  The State argues
the trial court did not abuse its discretion in revoking Molinar’s probation
because Molinar pleaded “true” to at least one of the violations; hence, the
plea of “true” alone is enough evidence to support the revocation.   

            We review a trial
court’s decision to revoke probation for an abuse of discretion, and we examine
the evidence in the light most favorable to the trial court’s findings.  Cardona
v. State, 665 S.W.2d 492, 493–94 (Tex. Crim. App. 1984); see Allen v.
State, 681 S.W.2d 183, 184 (Tex. App.—Houston [14th Dist.] 1984, no pet.). 
The State must prove every element of the ground asserted for revocation by a
preponderance of the evidence.  Moore v. State, 11 S.W.3d 495, 498 (Tex.
App.—Houston [14th Dist.] 2000, no pet.); see Cobb v. State, 851 S.W.2d
871, 873 (Tex. Crim. App. 1993); McCullough v. State, 710 S.W.2d 142,
145 (Tex. App.—Houston [14th Dist.] 1986, pet. ref’d).  This burden is
satisfied when the great weight of credible evidence creates a reasonable
belief that it is more likely than not that the defendant violated a condition
of probation as alleged in the motion to revoke.  See Joseph v. State, 3
S.W.3d 627, 640 (Tex. App.—Houston [14th Dist.] 1999, no pet.).  Furthermore,
the State does not have to prove every violation alleged; one violated
probation condition is enough to support a trial court’s ruling to revoke
probation.  Moore, 11 S.W.3d at 498.     

            In Texas, it is
well-established law that the sufficiency of the evidence of a probation
revocation cannot be challenged in the face of a plea of “true.”  Moses v.
State, 590 S.W.2d 469, 470 (Tex. Crim. App. 1979); see Rincon v. State,
615 S.W.2d 746, 747 (Tex. Crim. App. [Panel Op.] 1981); Jimenez v. State,
552 S.W.2d 469, 472 (Tex. Crim. App. 1977).  The record reflects Molinar
pleaded “true” to at least one of the three allegations.  Because Molinar
entered a plea of “true,” he cannot now challenge the sufficiency of the
evidence, even though he did not plea “true” to all of the allegations.  See
Rodriguez v. State, 2 S.W.3d 744, 746 (Tex. App.—Houston [14th Dist.] 1999,
no pet.) (discussing if several probation violations are alleged, the court
shall revoke probation if proof of any of the allegations is sufficient). 
Accordingly, Molinar’s sixth issue is overruled.        

*
* *

For the foregoing reasons, we affirm the trial
court’s judgment.

 








                                                                        

                                                                        /s/        Jeffrey
V. Brown

                                                                                    Justice

 

 

 

Panel consists of Justices Yates,
Seymore, and Brown.

Do
Not Publish — Tex. R. App. P. 47.2(b).









[1]
In Harrison v. State, the Court of Criminal Appeals expressly disavowed
its previous precedent requiring a motion for new trial to preserve error for a
denial of a motion for continuance.  187 S.W.3d 429, 433 (Tex. Crim. App.
2005).  Hence, the State improperly relies on this proposition as an argument
for how Molinar failed to preserve error.    





[2]
At the beginning of the revocation proceedings, Molinar’s attorney stated he
filed a motion to quash.  But the motion is not in the record on appeal and
Molinar does not discuss or refer to the alleged written motion in his brief;
therefore, we will only consider Molinar’s oral motion to quash.  See
Tex. R. App. P. 33.1(a) (stating to present the complaint for appellate review,
the record must indicate the complaint was made to the trial court by motion).





[3]
There are two exceptions to the continuous-objection requirement: (1) obtain a
running objection, or (2) request a hearing outside the jury’s presence.  Martinez,
98 S.W.3d at 193.  





[4]
In a case similar to Molinar’s situation, the appellant claimed his probation
was revoked without reason and the revocation was a violation of his
due-process rights.  Pickett v. State, No. 05-98-01174-CR, 1999 WL
793397, at *1 (Tex. App.—Dallas Oct. 6, 1999, no pet.) (not designated for
publication).  The State alleged the appellant was unsuccessfully discharged
from two sex-offender-treatment programs, which violated a condition of his
probation.  Id.  The appellant stated he attended the program, paid all
the fees, and abided by all the rules, but the court noted the appellant
refused to take responsibility for his offense and he continued to maintain his
innocence.  Id.  In the second program, the appellant did not actively
participate in the program by failing to present his sexual history, minimizing
his offense, and refusing to present a relapse plan to his group.  Id. 
The court concluded the probation conditions not only required the appellant to
attend the sessions, but the appellant needed to abide by treatment directives
and continue his treatment.  Id. at *2.  Because the appellant failed to
complete this condition, the court held the State successfully demonstrated the
appellant violated his probation.  Id.