**Affirmed as Reformed and Memorandum Opinion filed December 20, 2012.**



In The

# Fourteenth Court of Appeals

### NO. 14-12-00420-CR
### NO. 14-12-00421-CR

### FLORENTINO ROBERT ENGLISH, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 252nd District Court**
**Jefferson County, Texas**
**Trial Court Cause Nos. 10-10228 and 11-11024**

## M E M O R A N D U M   O P I N I O N

Appellant entered a guilty plea to two counts of aggravated robbery. In both cases, the trial court deferred adjudication of guilt, placed appellant under community supervision for ten (10) years and ordered a fine of $750. Subsequently, the State moved to adjudicate guilt in both cases. In each case, appellant entered a plea of not true to an allegation that he committed the offense of assault family violence. In each case, the trial court found the allegation true and adjudicated guilt. In trial court cause number 10-

10228, the trial court sentenced appellant to confinement for eighty-five years in the Institutional Division of the Texas Department of Criminal Justice. In trial court cause number 11-11024, the trial court sentenced appellant to confinement for seventy-five years in the Institutional Division of the Texas Department of Criminal Justice. The sentences were ordered to run concurrently. In each case, appellant filed a timely notice of appeal.

In his first three issues in both cases, appellant claims the trial court erred in assessing a $750 fine against appellant in the judgment adjudicating guilt because there was no oral pronouncement of the fine. The record in both cases reflects the fine was included in the administrative-fee calculation and that no fine was orally pronounced. Appellant's issues are sustained in each case. Because the oral pronouncement controls, the fine must be deleted from the judgment. *See Taylor v. State,* 131 S.W.3d 497, 502 (Tex. Crim. App. 2004). Accordingly, in trial court cause number 10-10228 we reform the judgment of the trial court to reflect the administrative fees assessed in the amount of $882. In trial court cause number 11-11024 we reform the judgment of the trial court to reflect the administrative fees assessed in the amount of $0.

Appellant's fourth issue in both cases asserts the evidence was insufficient to support the trial court finding the allegation of assault family violence to be true. The State alleged appellant committed the offense against Amber Akers, "with whom he had a dating relationship."[1]

Family violence includes "dating violence." Tex. Fam. Code §71.004(3) (West 2008). As pertinent to this case, dating violence is an act, other than a defensive measure to protect oneself,[2] by an actor that is committed against a victim with whom the actor has or has had a dating relationship. Tex. Fam. Code § 71.021(a)(1) (West Supp. 2012). A "dating relationship" means a relationship between individuals who have or have had a

---

[1] The State also alleged Akers was a member of appellant's family and household. The record does not support, and the State does not argue, there was evidence in support of that allegation.

[2] Although appellant claimed at the hearing that his actions were defensive, that argument is not raised in his brief on appeal.

continuing relationship of a romantic or intimate nature. Tex. Fam. Code §71.021(b) (West Supp. 2012).

The record reflects that when Akers was asked if appellant was her boyfriend, she said "We're not together no more" and admitted they used to be boyfriend and girlfriend. Subsequently, Akers was asked if at the time, and in the past, she and appellant were "boyfriend/girlfriend." She said, "Yes." The record also reflects the following exchange when Officer Jeremy Houston of the Port Arthur Police Department was questioned.

Q. From my understanding in your conversation with her, they had, at least, one time been boyfriend/girlfriend?"

A. Correct.

According to appellant's testimony, Akers was hostile and saying that he "had been messing with, you know, other females. I'm trying to explain to her that, you know, that wasn't true."

The State must prove a defendant violated the terms of his probation by a preponderance of the evidence. *Cobb v. State,* 851 S.W.2d 871, 873 (Tex. Crim. App. 1993).

In a probation revocation hearing, the trial judge is the sole trier of fact and determines the credibility of the witnesses and the weight to be given to their testimony. *See Battle v. State,* 571 S.W.2d 20, 22 (Tex. Crim. App.1978). Appellate courts review an order revoking probation under the abuse of discretion standard. *See Cardona v. State,* 665 S.W.2d 492, 493–94 (Tex. Crim. App.1984). In making this determination, we examine the evidence in the light most favorable to the trial court's order. *See Garrett v. State,* 619 S.W.2d 172, 174 (Tex. Crim. App.1981); *Allen v. State,* 681 S.W.2d 183, 184 (Tex. App. -- Houston [14th Dist.] 1984, no pet.).

*Moore v. State*, 11 S.W.3d 495, 498 (Tex. App. -- Houston [14th Dist.] 2000, no pet.). Considering the evidence adduced at the hearing in the light most favorable to the trial court's finding, we find the State established by a preponderance of the evidence that Akers and appellant were in a "dating relationship" when the assault occurred. *See B.C. v. Rhodes*, 116 S.W.3d 878 (Tex. App. -- Austin 2003, no pet.) (court upheld protective order protective order against "boyfriend" who assaulted fellow eighth-grade classmate

after the two had been "dating" for about two weeks.)  Accordingly, the trial court did not abuse its discretion in finding that appellant committed assault family violence.  In each case, issue four is overruled.

Having sustained appellant's first three issues in both cases, in trial court cause number 10-10228 we reform the judgment of the trial court to reflect the administrative fees assessed in the amount of $882.  In trial court cause number 11-11024 we reform the judgment of the trial court to reflect the administrative fees assessed in the amount of $0.  As reformed, the judgments of the trial court are affirmed.

PER CURIAM

Panel consists of Justices Seymore, Boyce, and McCally.
Do not publish - Tex. R. App. P. 47.2(b).