**Affirmed and Memorandum Opinion filed May 9, 2013.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-12-00923-CR

_____

**WILLIAM MICHAEL JENKINS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 228th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1342365**

## M E M O R A N D U M   O P I N I O N

Appellant William Michael Jenkins challenges the trial court's adjudication of his guilt following the trial court's finding that he violated the terms of his community supervision after pleading guilty to assault of a family member. The trial court assessed punishment at confinement for 10 years. In a single issue appellant contends the evidence is insufficient to support the adjudication of guilt. We affirm.

## BACKGROUND

On April 2, 2012, appellant pleaded guilty to aggravated assault of a family member by impeding the normal breathing and circulation of the blood of the complainant by applying pressure to the complainant's throat and neck. The trial court deferred an adjudication of guilt and assessed punishment at two years' deferred adjudication probation.

On August 13, 2012, the State filed an amended motion to adjudicate appellant's guilt alleging appellant violated ten separate conditions of his community supervision. On October 1, 2012, the trial court held a hearing on the amended motion to adjudicate at which the following evidence was admitted.

On May 14, 2012, Officer Bryant Bourgeois of the Houston Police Department responded to a call about a suspicious person at apartment number 507 at 10222 South Gessner in Harris County. When Officer Bourgeois knocked on the front door he heard "some kind of disturbance inside." The door opened a small amount and he saw two people in the apartment. He saw a man, later identified as appellant, "holding the female in sort of a choke hold." Bourgeois ordered appellant to release the woman, but appellant, rather than release her, squeezed tighter and made comments to the police officer. Bourgeois attempted to force the door open with his foot, but the door was closed on him.

Bourgeois called for back-up officers who arrived approximately five minutes later. When officers knocked on the front door of the apartment again, the complainant answered the door. She told the officers that appellant left through the back door after closing the front door on Bourgeois. The complainant informed Bourgeois that she had a protective order in place, which prohibited appellant from going within 200 feet of her residence.

2

Officer Jeffrey Caldwell testified that he helped execute an arrest warrant on May 22, 2012. He and another officer went to the address listed on the complainant's protective order. When they knocked on the door appellant opened the door, "and kind of turned around to walk off and tried to slam the sergeant's foot in the door." Appellant was eventually arrested at the complainant's apartment.

Appellant testified that he had been married to the complainant for eleven years and they had three children. Their youngest child has special needs and requires full-time care. Appellant admitted he knew he was not supposed to be at the complainant's apartment, but went there because his wife called for help with their youngest son. Appellant explained that he slammed the door in the officer's face because he was afraid. He denied that he was assaulting the complainant. Appellant testified that the day he was arrested he was at the complainant's apartment because of his son.

The complainant also testified that her youngest son is legally blind and needs full-time supervision. She testified that on May 14, 2012, she called appellant to help with their son. The complainant testified that some clothes hangers were stuck in the door, which is why Bourgeois had trouble getting the door open. She denied that appellant was choking her.

At the conclusion of the hearing, the trial court found that appellant violated the conditions of his deferred adjudication community supervision by committing the offense of causing bodily injury and by violating a protective order by entering the complainant's residence.[1] In a single issue on appeal appellant challenges the

---

[1] The trial court found the allegations in paragraphs two and three to be true. It appears the trial court misspoke in its reference to the paragraph numbers. The record reflects the trial court described the substance of paragraphs one and two.

3

sufficiency of the evidence to support the court's findings.

## STANDARD OF REVIEW

We review a trial court's decision to revoke probation for an abuse of discretion, and we examine the evidence in the light most favorable to the trial court's findings. *Cardona v. State*, 665 S.W.2d 492, 493–94 (Tex. Crim. App. 1984); *see Allen v. State*, 681 S.W.2d 183, 184 (Tex. App.—Houston [14th Dist.] 1984, no pet.). The State must prove every element of the ground asserted for revocation by a preponderance of the evidence. *Moore v. State*, 11 S.W.3d 495, 498 (Tex. App.—Houston [14th Dist.] 2000, no pet.); *see Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993). This burden is satisfied when the great weight of credible evidence creates a reasonable belief that it is more likely than not that the defendant violated a condition of probation as alleged in the motion to revoke. *See Joseph v. State*, 3 S.W.3d 627, 640 (Tex. App.—Houston [14th Dist.] 1999, no pet.). The State does not have to prove every violation alleged; one violated probation condition is enough to support a trial court's ruling to revoke probation. *Moore*, 11 S.W.3d at 498.

In a revocation proceeding, the trial judge is the sole trier of fact, the credibility of the witnesses, and the weight to be given to witnesses' testimony. *Diaz v. State*, 516 S.W.2d 154, 156 (Tex. Crim. App. 1974). Reconciliation of conflicts and contradictions in the evidence is within the province of the trial judge, and such conflicts will not call for reversal if there is enough credible testimony to support the conviction. *Bowden v. State*, 628 S.W.2d 782, 784 (Tex. Crim. App. 1982).

The evidence in the light most favorable to the trial court's order establishes the following. An outstanding protective order prohibited appellant from going within 200 feet of the complainant's residence at 10222 South Gessner, or any

address at which the complainant lived. On May 14, 2012, appellant went to the complainant's residence, obtained entrance through a window, and was seen by a police officer choking the complainant. When the officer demanded that appellant stop choking the complainant, appellant continued to choke her and verbally challenged the officer. Appellant eventually stopped choking appellant, slammed the door in the officer's face, and fled out the back door of the residence. We find the credible evidence admitted at the hearing is sufficient to support the trial court's conclusion that appellant committed another offense by assaulting the complainant.

In challenging the sufficiency of the evidence to support the adjudication, appellant admits he violated the protective order twice by being at the complainant's apartment. He argues that his violations should be excused because the complainant called him to the apartment to help with their son. Appellant had the burden of proof on the defense of necessity. *See Young v State*, 991 S.W. 2d 835 (Tex. Crim. App. 1999). The trial judge, as the trier of fact, evaluated this evidence and rejected it.. *See Diaz*, 516 S.W.2d at 156. Appellant's sole issue is overruled.

The judgment of the trial court is affirmed.

PER CURIAM

Panel consists of Justices Brown, Christopher, and McCally.

Do Not Publish — TEX. R. APP. P. 47.2(b).