Henry Richard **COTTON**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 49881.

Court of Criminal Appeals of Texas.

June 4, 1975.

Second Motion for Rehearing Denied
June 24, 1975.

Marion G. Holt, Nacogdoches, for appellant.

Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION ON MOTION
## FOR REHEARING

BROWN, Commissioner.

Our prior opinion is withdrawn and the following is substituted therefor:

This is an appeal from a revocation of probation. Appellant was charged by indictment with the offense of assault with intent to commit murder with malice aforethought. On May 18, 1971, appellant was adjudged guilty as charged in the indictment and his punishment was assessed at five years, probated. The order granting probation provided: "That during the term of probation, the Defendant shall: a. Commit no offense against the laws of this State or any other State or the United States; . . . d. Report to the Probation Officer as directed; (No later than the 10th of each month; commencing June 1, 1971." On September 18, 1974, a motion to revoke probation was filed charging appellant with failure to pay the probation

fee of $10.00 per month, and "Failed to report (sic) the Probation Officer as directed; no later than the 10th of each month; commencing June 1, 1971." A capias was issued the same day but was not served on appellant. On November 15, 1974, an amended motion to revoke probation was filed alleging that during the term of probation, to-wit, on or about the 24th day of June, 1972, in Dallas County, Texas, appellant committed two offenses against the laws of this State, namely, did with intent to commit theft break and enter a vehicle without the effective consent of William M. Parker, the owner; and, that on or about said date appellant did then and there in Dallas, Dallas County, Texas, knowingly and intentionally carry on or about his person a handgun, both in violation of the conditions of his probation. A capias was issued the same day and was served on appellant by the sheriff of Nacogdoches County on November 22, 1974. On November 27, 1974, a hearing was had on the amended motion and probation was revoked.

■ Appellant first contends that the court abused its discretion in revoking appellant's probation because the prosecution for the offense of unlawfully carrying a prohibited weapon was barred by the statute of limitations. A revocation proceeding is not a trial or prosecution as the term is used by the Constitution in reference to criminal cases. Hood v. State, Tex.Cr. App., 458 S.W.2d 662.

Article 12.05, Vernon's Ann.C.C.P., provides:

"An indictment or information for any misdemeanor may be presented within two years from the commission of the offense, and not afterward. Acts 1965, 59th Leg., vol. 2, p. 317, ch. 722."

This was the statute of limitations in effect at all times material to this appeal. A motion to revoke, being neither an indictment nor an information, Art. 12.05, V.A.

C.C.P., supra, does not apply. See also, Waters-Pierce Oil Co. v. State, 48 Tex. Civ.App. 162, 106 S.W. 918, affirmed 212 U.S. 86, 29 S.Ct. 220, 53 L.Ed. 417, holding that the "anti-trust" laws are penal, but cases prosecuted under them for the penalties therein provided are not criminal prosecutions as such and this article does not apply to these actions as to limitations.

Appellant in his second ground challenges the sufficiency of the evidence to sustain a finding that appellant committed the offense of carrying a prohibited weapon.

■ At the revocation hearing, Officer Jones of the Dallas Police Department testified that he observed appellant prowling cars in Dallas, Texas, on June 24, 1972. This was the only witness who testified to the violations alleged in the amended motion to revoke. The following is a portion of the testimony adduced from Officer Jones:

"Q You did, did you not, see the defendant, Henry Richard Cotton, in Mr. William M. Parker's vehicle with a pistol in his possession?

"A I did.

"Q All right, sir, this did take place on the 24th of June, 1972, in the City of Dallas, did it not?

"A It did. Yes, sir.

"Q Dallas County, Texas?

"A Yes, sir."

Appellant did not testify and offered no evidence to refute the above-quoted testimony of the arresting officer. This testimony authorized the court to find that the appellant, during the term of his probation, committed an offense against the laws of this State, to-wit: "did then and there knowingly and intentionally carry on or about his person a handgun," as alleged in the amended motion to revoke probation.

Appellant also challenges the sufficiency of the evidence as to the burglary of a motor vehicle allegation. In view of our holding that the court had sufficient evidence to revoke for carrying a prohibited weapon, it is not necessary to discuss this ground of error.

■ Appellant's final ground of error is based upon the contention that his rights under the United States Constitution were violated when the government officials failed to proceed expeditiously with the criminal prosecution. This contention is raised for the first time on appeal. As stated above, a revocation proceeding is not a criminal prosecution. Hood v. State, supra. The amended motion to revoke was filed within the probationary period. Appellant relies upon several cases, such as, Smith v. Hooey, 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607. These cases hold that upon request by a prisoner for a speedy trial, the State has a constitutional duty to make a diligent good faith effort to bring him to trial in compliance with his request. Appellant made no such request. Appellant, in his motion for rehearing, suggests that our holding in this cause overrules the reversal in Strickland v. State, Tex.Cr. App., 523 S.W.2d 250 (1975). Appellant is correct in his contention. Strickland, supra, has been affirmed on motion for rehearing.

■ Although we do not condone arbitrary delays in revocation proceedings, we do reiterate that to preserve such contention it is incumbent upon the probationer to raise and develop the issue at such hearing to secure appellate review.

The judgment is affirmed.

Opinion approved by the Court.