**Billy Harold CHAMPION, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 62051.**

Court of Criminal Appeals of Texas, Panel No. 1.

Dec. 5, 1979.

Mike Wade, Monahans, for appellant.

Robert Huttash, State's Atty., and Alfred Walker, Asst. State's Atty., Austin, for the State.

Before ONION, P. J., and DOUGLAS and W. C. DAVIS, JJ.

OPINION

ONION, Presiding Judge.

This is an appeal from an order revoking probation. Appellant plead guilty before the court on May 26, 1977, to the offense of robbery and was assessed punishment at ten (10) years' confinement in the Texas Department of Corrections. The imposition of sentence was suspended, and appellant was placed on probation for a term of ten (10) years, subject to certain conditions of probation. Among those, appellant was to:

\* \* \* \* \* \*

"(2) Commit no offense against the laws of this or any other State or the United States;

"(3) Avoid injurious or vicious habits (including the use of narcotic or habit-forming drugs and alcoholic beverages);

\* \* \* \* \* \*

"(11) Pay the court costs in this cause on or before 1st day of July, 1978;

"(12) Pay adult probation fee of Ten ($10.00) Dollars per month payable on the first Wednesday of each month for one year;

"(a) Make $101.50 restitution to Sgt. Robert D. Staneck through the Ward County Texas Adult Probation Officer, as follows, to wit: in equal monthly installments for a period of twelve (12) months, commencing on July 1, 1977."

The State filed a motion to revoke probation on March 3, 1978, alleging, inter alia, that appellant had violated condition (2) because on or about February 5, 1978, he intentionally and knowingly caused bodily injury to Harold Rosenberry, a peace officer in the lawful discharge of his official duty when appellant knew Rosenberry was a peace officer, by then and there striking him with his fist; it also alleged that appellant violated condition (3) in that appellant, on or about February 5, 1978, appeared in a public place, the 4900 block of Pickett

Street in Greenville, under the influence of alcohol to the degree that appellant might endanger himself and others. A capias was issued, but appellant was not arrested until September 29, 1978. Counsel was appointed for appellant on November 6, 1978. On November 9, 1978, the State's first amended motion to revoke probation was filed alleging those violations of conditions of probation set out in the original motion as well as others, namely: that appellant violated condition (11) in that he failed to pay any part of the court costs incurred on or before July 1, 1978; that he violated condition (12) in that he failed to pay adult probation fees of Ten ($10.00) Dollars per month payable on the first Wednesday of each month for one year; and that he violated condition (12)(a) in that he failed to make $101.50 restitution to Sgt. Robert D. Staneck through the Ward County Texas Adult Probation Officer in equal monthly installments for a period of twelve (12) months, commencing July 1, 1977.

On December 28, 1978, a hearing was held on the amended motion at the conclusion of which appellant's probation was revoked because of violations of conditions (2), (3), (11), (12) and (12)(a). Sentence was imposed and notice of appeal given.

On appeal the appellant contends the motion to revoke probation should have been dismissed upon his request on December 28, 1978, prior to the revocation hearing, because the State was not ready within 120 days of the commencement of the revocation proceedings.[1] He contends Article 32A.02, V.A.C.C.P. (the Speedy Trial Act) is applicable to revocation proceedings and entitled him to discharge. This presents a question of first impression.

Article 32A.02, V.A.C.C.P. (Speedy Trial Act), provides in part:

"Section 1. A court shall grant a motion to set aside an *indictment, information,* or *complaint* if the state is not ready for trial within:

---

1. Appellant argues that the criminal prosecution began when the first motion to revoke probation was filed on March 3, 1978. He recognizes that the time limitations of the Speedy Trial Act, however, did not become

applicable to his case until July 1, 1978 in light of *Wade v. State,* 572 S.W.2d 533 (Tex.Cr.App. 1978), but contends more than 120 days elapsed from July 1st until December 28, 1978.

"(1) 120 days of the commencement of a criminal action if the defendant is accused of a felony;

"(2) 90 days of the commencement of a criminal action if the defendant is accused of a misdemeanor punishable by a sentence of imprisonment for more than 180 days;

"(3) 60 days of the commencement of a criminal action if the defendant is accused of a misdemeanor punishable by a sentence of imprisonment for 180 days or less; or

"(4) 30 days of the commencement of a criminal action if the defendant is accused of a misdemeanor punishable by a fine only.

"Sec. 2. (a) Except as provided in Subsections (b) and (c) of this section, a criminal action commences for purposes of this article when an *indictment, information, or complaint* against the defendant is filed in court, unless prior to the filing the defendant is either detained in custody or released on bail or personal bond to answer for the same offense or any other offense arising out of the same transaction, in which event the criminal action commences when he is arrested.

"(b) If a defendant is to be retried following a mistrial, an order granting a new trial, or an appeal or collateral attack, a criminal action commences for purposes of this article on the date of the mistrial, the order granting a new trial, or the remand.

"(c) If an *indictment, information, or complaint* is dismissed on motion of the defendant, a criminal action commences for the purposes of the article when a new *indictment, information, or complaint* against the defendant is filed in court, unless the defendant is either detained in custody or released on bail or personal bond to answer for the same offense or any other offense arising out of the same transaction, in which event the criminal action commences when he is detained or released." (Emphasis supplied.)

While it appears that revocation proceedings are criminal prosecutions, *Fariss v. Tipps,* 463 S.W.2d 176 (Tex.Sup.Ct.1971), revocation proceedings are not commenced by the filing of an indictment, an information or a complaint, but by a motion to revoke probation. See Article 42.12, § 8, V.A.C.C.P. A motion to revoke probation need not meet the particularities of an indictment, information or complaint. *Chacon v. State,* 558 S.W.2d 874 (Tex.Cr.App. 1977); *Rhodes v. State,* 491 S.W.2d 895 (Tex.Cr.App.1973); *Kuenstler v. State,* 486 S.W.2d 367 (Tex.Cr.App.1972). See also *Antwine v. State,* 518 S.W.2d 830 (Tex.Cr. App.1975); *Ablon v. State,* 537 S.W.2d 267 (Tex.Cr.App.1976); *Garner v. State,* 545 S.W.2d 178 (Tex.Cr.App.1977).

In *Cotton v. State,* 523 S.W.2d 673 (Tex. Cr.App.1975), it was held that a motion to revoke probation is not an indictment or information, and that a statute of limitations requiring that an indictment or information be presented within two years was not applicable. Further, it has been held that revocation of probation based on the fact that probationer had committed a particular offense will not bar subsequent prosecution for such offense on the grounds of double jeopardy. *Settles v. State,* 403 S.W.2d 417 (Tex.Cr.App.1966); *Carter v. State,* 496 S.W.2d 603 (Tex.Cr.App.1973); *Valdez v. State,* 508 S.W.2d 842 (Tex.Cr. App.1973); *Rodriquez v. State,* 552 S.W.2d 451 (Tex.Cr.App.1977).

Still further, a motion to revoke probation need not allege a commission of a felony or misdemeanor to be a valid revocation motion. It may merely allege a failure to report to the probation officer as directed in the probationary conditions. *Whiteside v. State,* 468 S.W.2d 831 (Tex.Cr.App. 1971); *Butler v. State,* 482 S.W.2d 643 (Tex. Cr.App.1972); *Cox v. State,* 445 S.W.2d 200 (Tex.Cr.App.1969). See also *Davis v. State,* 563 S.W.2d 264 (Tex.Cr.App.1978); Article 42.12, V.A.C.C.P., note 267, and cases there cited.

If the Speedy Trial Act applies, what time limitations apply when the revocation motion alleges the commission of both a

felony and a misdemeanor? What time limitations apply when the revocation motion does not allege a commission of a penal offense but only a violation of some other probationary condition?

We conclude that it was not the legislative intent for the Speedy Trial Act to apply to motions to revoke probation. We are reinforced in this decision by the fact that the Legislature has previously provided statutorily for a speedy revocation hearing for those probationers who were not on bail and had requested the same. Article 42.12, § 8(a), V.A.C.C.P., provides in part:

". . . If the defendant has not been released on bail, on motion by the defendant the court shall cause the defendant to be brought before it for a hearing within 20 days of filing of said motion . . . ."[2]

In addition to the foregoing statutory provision, a probationer has a constitutional right to a speedy hearing if that right is invoked. *Ross v. State*, 523 S.W.2d 402 (Tex.Cr.App.1975); *Hernandez v. State*, 556 S.W.2d 337 (Tex.Cr.App.1977); *Newcomb v. State*, 547 S.W.2d 37 (Tex.Cr.App.1977) (Concurring Opinion). See also *Fraire v. State*, 588 S.W.2d 789 (Tex.Cr.App.1979) and *Farris v. Tipps,* supra.

It would appear from the record before us that the appellant was in confinement from his arrest on September 29, 1978 until the revocation hearing on December 28, 1978. The appellant never sought to exercise his statutory rights or those accorded by the constitution. He only attempted to invoke what rights he had, as a probationer, under the Speedy Trial Act. We hold he had none. Appellant's first ground of error is overruled.

In four grounds of error the appellant challenges the sufficiency of the evidence to prove the alleged violation of the probationary conditions. Among the contentions are claims that the evidence is insufficient to show that he failed to make restitution or pay the court costs assessed.

David Mills, Adult Probation Officer of the 143rd Judicial District Court, testified that the appellant had never paid any part of the court costs assessed or any part of the restitution required by the probationary conditions. This testimony was undisputed.

Article 42.12, § 8(c), V.A.C.C.P., provides:

"In a probation revocation hearing at which it is alleged that the probationer violated the conditions of probation by failing to pay compensation paid to appointed counsel, probation fees, court costs, restitution, or reparations, the inability of the probationer to pay as ordered by the court is an affirmative defense to revocation, which the probationer must prove by a preponderance of evidence."

The affirmative defense above described must be raised by the probationer. *Jones v. State*, 589 S.W.2d 419 (Tex.Cr.App.1979). The appellant never raised a defense of inability to pay. The State's testimony is sufficient to show violations of the conditions of probation by failing to pay court costs and restitution and to justify revocation on these grounds alone. *Ross v. State,* supra. We need not consider appellant's other contentions.

Finding no abuse of discretion, the judgment is affirmed.

---

2. Those probationers against whom a revocation motion has been filed and who have subsequently been released on bail are not normally anxious for a speedy hearing on the revocation motion, although there are remedies to encourage the same.