**Charles Ray McCALLUM, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09 83 012 CR.**

Court of Appeals of Texas, Beaumont.

Sept. 7, 1983.

George Barron, Orange, for appellant.

William C. Wright, County Atty., Stephen C. Howard, Asst. County Atty., Orange, for appellee.

## OPINION

BROOKSHIRE, Justice.

This is an appeal from an order revoking probation. The appellant pleaded guilty before the Court on August 29, 1980, to the offense of burglary of a habitation and was assessed punishment at five (5) years in the Texas Department of Corrections with probation granted for the period of five (5) years and a fine in the amount of One Thousand and No/100 ($1,000.00) Dollars. No appeal was then taken. The appellant, in open court, acknowledged that the probation officer had been over the terms and conditions of the probation order and that he understood the same; appellant also said he understood that if he violated any of the terms or conditions of his probation he would be subject to having his probation revoked and being confined in the Texas Department of Corrections. Appellant's only ground of error avers:

"The trial court erred in revoking the probation previously granted to McCallum and in sentencing McCallum to confinement in the Texas Department of Corrections because there were no prosecution pleadings upon which a violation of McCallum's current terms of probation could be based."

These proceedings on the guilty plea occurred on August 29, 1980.

The motion to revoke the probated judgment was filed August 11, 1982, well within the five (5) year probated period. Inter alia, the order provided:

"[C]ondition (a) commit no offense against the laws of Texas, any other State, the United States or any other governmental entity; condition (d) Report in person to the Probation Officer once each week while on probation beginning April 17, 1981; . . . ."

In substance, the motion alleged that Charles Ray McCallum had violated condition (a) in that on July 23, 1982, in Orange County, he did unlawfully appropriate two (2) packs of cigarettes from Don Sharp without the effective consent of Don Sharp; that the appellant had failed to report to the probation officer for the weeks of June 5, 1981, July 17, 1981, August 14, 1981, and September 18, 1981; also failed to report for the entire months of December, 1981; May, 1982 and June, 1982; that the defendant was then currently One Hundred Sixty-five and No/100 ($165.00) Dollars delinquent in his supervision fee payments and that he was Three Hundred Ninety and No/100 ($390.00) Dollars delinquent in court costs and other payments. At the hearing on the motion to revoke the probated judgment held on October 20, 1982, Charles Ray McCallum was called by his attorney as a witness in his own behalf. McCallum admitted that he did not report to the probation office as required by the probation order; that he did not pay his supervision fee as ordered; that he did steal the cigarettes at Kroger's in July of 1982, as alleged in the motion; that he understood at relevant times the motion or petition to revoke and had gone over the same with his attorney before voluntarily taking the witness stand.

We hold that there were prosecution pleadings upon which a violation of the terms of McCallum's probation could be based. It is now settled that a motion to revoke probation does not have to meet the standards or particularities of an indictment, information or complaint. *Champion v. State,* 590 S.W.2d 495 (Tex.Cr.App.1979). Further, we hold that the motion to revoke was timely filed. *Champion v. State, supra; Cotton v. State,* 523 S.W.2d 673 (Tex.Cr. App.1975). A motion to revoke need not allege a commission of a felony or misdemeanor to be viable but can validly and efficaciously allege a failure to report to the probation officer as ordered. *Champion v. State, supra; Whiteside v. State,* 468 S.W.2d 831 (Tex.Cr.App.1971). We hold also that the trial judge acted well within his authority and that the appellant was fully informed of the violations of probation which he was alleged to have breached. *Caddell v. State,* 605 S.W.2d 275 (Tex.Cr. App.1980). Further we hold, under this record, appropriate due process of law as constitutionally required was afforded the appellant. *Caddell v. State, supra; Zillender v. State,* 557 S.W.2d 515 (Tex.Cr.App. 1977).

*Tex.Code Crim.Proc.Ann. art. 42.12, Sec. 8(c)* (Vernon Supp. 1982–1983) reads:

"(c) In a probation revocation hearing at which it is alleged only that the probationer violated the conditions of probation by failing to pay compensation paid to appointed counsel, probation fees, court costs, restitution, or reparations, the inability of the probationer to pay as ordered by the court is an affirmative defense to revocation, which the probtioner must prove by a preponderance of evidence."

These affirmative defenses in *Tex.Code Crim.Proc.Ann. art. 42.12, Sec. 8(c)* (Vernon Supp. 1982–1983) must be proved by a preponderance of the evidence to the trial judge who has very broad discretion as the finder of fact. The appellant has the burden of proof on these affirmative defenses. We review these holdings of the trial court on the limited grounds of abuse of discretion. We find no abuse of discretion.

The judgment below is affirmed.