**Lynn McCHRISTIAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 07-82-0134-CR.**

Court of Appeals of Texas, Amarillo.

May 25, 1983.

Bruce Sadler, Amarillo, for appellant.

Danny Hill, Dist. Atty., Joe W. Jernigan, Amarillo, for appellee.

Before REYNOLDS, C.J., and DODSON and BOYD, JJ.

BOYD, Justice.

On February 15, 1977, under his plea of guilty, appellant Lynn McChristian was convicted of the offense of burglary. His punishment was assessed at five years confinement in the Texas Department of Corrections, however, imposition of the sentence was suspended and appellant placed on probation. On September 14, 1981, a motion to revoke probation was filed alleging that appellant had committed the offense of theft. After hearing on March 8, 1982, probation was revoked and, with credit for jail time, appellant was ordered to serve his sentence. For reasons hereinafter expressed, we affirm the action of the trial court.

In three grounds, appellant urges trial court error in revoking his probation (1) because the State's motion failed to give fair notice of the conduct on acts relied upon to establish violation of probation; (2) because the evidence was insufficient to establish a violation of the penal laws of Texas; and (3) because he was denied his

constitutional right to a speedy revocation hearing.

■ Appellant initially asserts that, because the motion to revoke failed to designate the value of the property allegedly appropriated, the motion to revoke was defective and the trial court erred in denying his motion to quash. The operative portion of the State's motion recites . . .

> 5. That the defendant failed to comply with the above listed conditions of his probation, to-wit:
>
> 1. The said defendant failed to comply with Condition (a) of his probation in that on or about October 27, 1980, in Potter County, Texas, he did knowingly, intentionally and unlawfully appropriate property, namely, a purse, owned by Atunya Louise Melton, with intent to deprive the owner of the property, and without the effective consent of the owner.

A motion to revoke probation need not meet the particulars of an indictment, information or complaint. *Mitchell v. State*, 608 S.W.2d 226, 228 (Tex.Cr.App.1980); *Champion v. State*, 590 S.W.2d 495, 497 (Tex.Cr.App.1979). An averment respecting the value of the property in issue has relevance only in categorizing the theft offense relied upon as either a felony or misdemeanor; however, the question of whether the offense alleged in a revocation motion is a felony or misdemeanor is irrelevant for the trial court that has jurisdiction to decide the motion. *Champion v. State, supra; Few v. State*, 588 S.W.2d 578, 585 (Tex.Cr.App.1979). A review of the motion to revoke in this case satisfies us that appellant was apprised of the specific conduct the State would prove and was given sufficient information upon which to prepare a defense. Appellant's first ground of error is overruled.

Appellant urges, with his second ground of error, that the evidence produced at the revocation hearing was insufficient to show his intent to deprive the owner of her property such as to constitute the offense of theft. Atunya Melton testified that on October 27, 1980 she parked her automobile adjacent to the front entrance of Furr's Supermarket on Northeast 24th Street in Amarillo while she purchased a package of weiners, leaving her daughter in the car. She estimated the time she was away from her automobile at less than two minutes. Upon returning to her automobile, she observed that her purse was missing from the seat, where she had left it, and her daughter, animatedly stating "he took it," pointed to the east side of the store in an effort to indicate the perpetrator. In rapid succession, Mrs. Melton led her daughter inside the store, asked a clerk to watch over the child, and approached an automobile parked at the east entrance in which sat appellant, the lone occupant. As she inquired of appellant whether he had seen anyone absconding with her purse, she witnessed appellant rifling her purse. She demanded the return of her purse, after which appellant returned the purse, asking her, however, if she had any other money.

Mrs. Melton noted the license tag number of the automobile in which appellant had been sitting and returned inside the store, followed by appellant, who threatened her on the way back. She proceeded to the store office and the police were summoned. She was later called upon to identify appellant through a photograph display at police headquarters.

■ Appellant's challenge to the sufficiency of the evidence is based upon the circumstance that Mrs. Melton's purse was returned to her by appellant; he reasons that this factor nullifies any inference that he intended to deprive her of the purse. We disagree, however, since appellant's return of the purse, after demand and confrontation by the owner in the factual context developed at the hearing, gives no reason to conclude that the trial court abused his discretion in finding that appellant intended a deprivation of the property. *Robert v. State*, 613 S.W.2d 291, 293 (Tex.Cr. App.1981); *Davila v. State*, 547 S.W.2d 606, 609 (Tex.Cr.App.1977). *See also Griffin v. State*, 614 S.W.2d 155, 159 (Tex.Cr.App. 1981). It is the trial court's duty in a revocation hearing to judge the credibility of the witnesses and to determine whether

the allegations in the motion to revoke are true. *Garrett v. State,* 619 S.W.2d 172, 174 (Tex.Cr.App.1981); *Davila v. State, supra.* As the reviewing Court, we must view the evidence in the light most favorable to the trial court's findings. *Garrett v. State, supra.* Under the facts presented in this cause, we find no abuse of discretion in the trial court's finding that appellant committed the offense of theft as alleged. Accordingly, appellant's second ground of error is overruled.

By his third ground of error appellant contends that he was denied a speedy revocation hearing, in derogation of his constitutional rights. More particularly, appellant invokes fundamental considerations of fairness, pointing to the State's asserted improper motive in dismissing a revocation motion and later filing another motion relying on the identical conduct to establish a violation of a probationary term. The vice, he reasons, is that the State impermissibly sought to circumvent the necessity of securing a bench warrant for appellant while he was confined in the penitentiary on an unrelated matter, and to prevent appellant's being credited with time served in the penitentiary on the extraneous charge.

Our review of the record yields the following chronology of events: (1) appellant's probation commenced February 15, 1977; (2) a motion to revoke probation was filed October 31, 1978, amended January 17, 1979, alleging appellant's commission of the offense of armed robbery; (3) a motion to revoke appellant's probation was filed April 2, 1979, alleging appellant's commission of the offense of burglary of a building; (4) the State moved to dismiss the prior motion(s) to revoke, averring that appellant had pled guilty to an unspecified charge and was sentenced to two years confinement in the Texas Department of Corrections; (5) a motion to revoke appellant's probation was filed November 12, 1980, alleging, *inter alia,* the instant offense, albeit couched as burglary of a motor vehicle;

(6) the State moved to dismiss the motion to revoke on February 9, 1981, representing that appellant had been sentenced to the Texas Department of Corrections for an unspecified parole violation; (7) the instant motion to revoke was filed September 14, 1981; (8) the revocation hearing was had March 8, 1982.

In examining the record, we note that appellant never requested a speedy trial hearing, and the trial court gave appellant credit for the confinement suffered owing to the parole revocation, applying such term toward the sentence resulting from the revocation of his probation.

■■■ The prosecutor candidly acknowledged that the dismissal and refiling of the revocation motion was deemed a simple expedient to avoid the necessity of transporting appellant to Potter County from the Texas Department of Corrections under bench warrant. We need not pass judgment on the propriety of the State's motives, however, as we can see no appreciable prejudice to him as a result of the delay. Central to a probationer's right to a speedy revocation hearing is the prevention of oppressive pre-hearing incarceration. *Aguilar v. State,* 621 S.W.2d 781 (Tex.Cr.App.1981); *Carney v. State,* 573 S.W.2d 24 (Tex.Cr.App. 1978). Manifestly, such is not a concern in this case, as appellant was in prison at the time the State dismissed its motion on February 9, 1981, and he failed to urge any request for a speedy trial hearing after the State filed its September 14, 1981 motion.* Tex.Code Crim.Pro. art. 42.12 § 8(a) (Vernon Supp.1980). *Ex Parte Trillo,* 540 S.W.2d 728, 733 (Tex.Cr.App.1976). *See also Aguilar v. State, supra.* There being no showing, nor even a suggestion by appellant, that his defense was impaired or that he suffered other prejudice by virtue of the delayed hearing, *Carney v. State, supra,* we overrule his third ground of error.

There being no reversible error, the judgment of the trial court is affirmed.

---

* The record does not reflect the date on which appellant was released from the Texas Department of Corrections following revocation of his parole, nor the date on which he was arrested pursuant to the State's September 14, 1981 motion to revoke.