

IN THE
TENTH COURT OF APPEALS

No. 10-10-00180-CR

RONNIE GABRIEL LOVELL,

                                                          Appellant

 v.

THE STATE OF TEXAS,

                                                          Appellee


From the 413th District Court
Johnson County, Texas
Trial Court No. F40155


MEMORANDUM  OPINION


By two issues, Appellant Ronnie Gabriel Lovell appeals the trial court's revocation of his community supervision.  We will affirm the trial court's judgment.

Pursuant to a plea agreement, Lovell pleaded guilty to aggravated assault with a deadly weapon (family violence).  The trial court deferred an adjudication of guilt and placed Lovell on community supervision for ten years.  The State subsequently filed a "Motion to Revoke Community Supervision," alleging Lovell violated the terms and conditions of his community supervision as follows:

I.       RONNIE GABRIEL LOVELL violated condition #1 of his/her terms and conditions of supervision, which states, "Commit no offense against the laws of this State or of any other State or of the United States…(report any arrest including traffic tickets within ten days to the supervision officer)."

A.       RONNIE GABRIEL LOVELL on January 29, 2010, in Johnson County, Texas, did intentionally and knowingly cause bodily injury to Misty Ann Lovell, a member of the defendant's family, by chocking [sic] Misty Ann Lovell and biting her finger.

Lovell pleaded "not true" to the allegations. The trial court found the allegations to be true, revoked Lovell's community supervision, adjudicated him guilty, and sentenced him to twenty years' imprisonment.

In his first issue, Lovell contends that he was denied his due process rights under the United States and Texas Constitution because the State's motion to revoke, rather than a motion to adjudicate, failed to provide him with written notice of its intent to proceed with an adjudication of guilt. For a complaint to be preserved for appeal, the record must show that the appellant made a timely request, objection, or motion. TEX. R. APP. P. 33.1(a)(1). Even complaints about constitutional errors may be forfeited by failure to raise the issue to the trial court. *Broxton v. State*, 909 S.W.2d 912, 918 (Tex. Crim. App. 1995); *see Hankins v. State*, No. 02-11-00117-CR, 2011 WL 6260870, at *2 (Tex. App.—Fort Worth Dec. 15, 2011, no pet. h.) (mem. op., not designated for publication). Lovell did not complain about the alleged insufficient notice in the trial court; therefore, he failed to preserve his complaint for review. *See* TEX. R. APP. P. 33.1(a)(1). We overrule Lovell's first issue.

In his second issue, Lovell contends that the trial court abused its discretion in finding that he violated his community supervision by committing a new offense.

In a hearing on a motion to revoke community supervision, the State must prove by a preponderance of the evidence that a defendant violated the terms of his community supervision. *Rickels v. State*, 202 S.W.3d 759, 763-64 (Tex. Crim. App. 2006). A preponderance of the evidence means "that greater weight of the credible evidence which would create a reasonable belief that the defendant has violated a condition of his probation." *Id.* In a revocation hearing, the trial judge is the sole trier of fact and determines the credibility of the witnesses and the weight to be given to their testimony. *Allbright v. State*, 13 S.W.3d 817, 819 (Tex. App.—Fort Worth 2000, pet. ref'd).

Given the unique nature of a revocation hearing and the trial court's broad discretion in the proceedings, the general standards for reviewing sufficiency of the evidence do not apply. *Pierce v. State*, 113 S.W.3d 431, 436 (Tex. App.—Texarkana 2003, pet. ref'd). We review the trial court's decision regarding community supervision revocation for an abuse of discretion and examine the evidence in a light most favorable to the trial court's order. *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. 1981).

The State alleged that Lovell violated the terms and conditions of his community supervision by intentionally and knowingly causing bodily injury to Misty Ann Lovell, a member of his family, by choking her and biting her finger on January 29, 2010. Misty, Lovell's wife, was the only witness who testified at the hearing on the State's motion to revoke. Misty stated that an incident occurred on the night of January 28,

2010 that continued into the morning hours of January 29. On the evening of January 28, Misty, her parents, her eleven-year-old son, and her son's friend went to the Fort Worth Stock Show and Rodeo. When they arrived back at her parents' home that night, she called Lovell, who had gone out with some friends from work. He needed to be picked up, so she and the boys went to get him. Lovell was very intoxicated. Misty thought that she picked Lovell up around 10:00, 10:15, or 10:20 p.m. and then drove the six miles to their home.

Once there, the boys went inside to play for a few minutes before bedtime, and then she and Lovell got into an altercation in the laundry room on their way into the house. During this altercation, Lovell put Misty's finger in his mouth and bit it as hard as he could. He also grabbed Misty's throat and pushed her up against the wall until she was not able to breathe and felt nauseous and dizzy. After Lovell let her go, she tried to leave with the boys, but Lovell prevented her from doing so. Once back in the house, Misty locked herself in the bedroom, but Lovell pushed in the bedroom door, breaking the lock. Lovell then pushed her down on the bed and began choking her again. She could not get him off of her, and she thought that she passed out. When the boys came out of her son's room, Lovell finally stopped choking her, and she tried to leave again. Lovell again prevented her from leaving, and they all ended up in the kitchen. Misty and the boys then tried to leave again, and this time, they were able to get to the car before Lovell and left.

Lovell argues that there was a fatal variance between the offense alleged in the State's motion to revoke and the proof offered at the hearing. Specifically, Lovell

contends that the evidence is insufficient to support a finding that he committed an assault *on January 29, 2010*, as alleged in the State's motion, because Misty's testimony established that the incident occurred on January 28.

While the defendant at a revocation of community supervision proceeding need not be afforded the full range of constitutional and statutory protections that are available at a criminal trial, a person on community supervision is entitled to certain due process protections. *Staten v. State*, 328 S.W.3d 901, 905 (Tex. App.—Beaumont 2010, no pet.); *see Gagnon v. Scarpelli*, 411 U.S. 778, 781-82, 93 S.Ct. 1756, 1759-60, 36 L.Ed.2d 656 (1973). Accordingly, a person on community supervision is entitled to a written motion to revoke that fully informs him of the violation of the term of community supervision that he is alleged to have breached. *Pierce*, 113 S.W.3d at 436; *Moore v. State*, 11 S.W.3d 495, 499 (Tex. App.—Houston [14th Dist.] 2000, no pet.) (citing *Caddell v. State*, 605 S.W.2d 275, 277 (Tex. Crim. App. [Panel Op.] 1980)). Additionally, the authority of the trial court to revoke community supervision is limited by the allegations of which the accused had due notice, *i.e.*, those that were contained in the written motion to revoke. *Moore*, 11 S.W.3d at 499. A motion to revoke is not, however, required to meet the particularities of an indictment, information, or complaint. *Id.* (citing *Champion v. State*, 590 S.W.2d 495, 497 (Tex. Crim. App. [Panel Op.] 1979)). All that is required is that the motion to revoke fully and clearly set forth the basis on which the State seeks revocation so that a defendant and his counsel have notice. *Id.* (citing *Leyva v. State*, 552 S.W.2d 158, 162 (Tex. Crim. App. 1977)).

A "variance" occurs when there is a discrepancy between the allegations in the charging instrument and the proof at trial. *Gollihar v. State*, 46 S.W.3d 243, 246 (Tex. Crim. App. 2001). But not every variance between the evidence at trial and the indictment is fatal; only a material variance is fatal. *Stevens v. State*, 891 S.W.2d 649, 650 (Tex. Crim. App. 1995). A variance between the charging instrument and the proof at trial is material only if it operated to the defendant's surprise or prejudiced his rights. *Id.*; *Moore*, 11 S.W.3d at 500. The fatal-variance doctrine is applicable to revocations of community supervision. *Moore*, 11 S.W.3d at 499-500.

The State initially argues that there was no variance between the motion to revoke and the evidence adduced at trial because Misty testified that the new offense started on the night of January 28, 2010 but continued into the morning hours of January 29. However, a careful reading of the record indicates that, at a minimum, the biting of Misty's finger occurred only on January 28; therefore, there is a variance.

The State alternatively argues that the variance was not material because it did not operate to Lovell's surprise or prejudice his rights. We agree. Lovell did not claim in the trial court, nor does he claim before this court, that he was misled or surprised as to what he was called on to defend against; therefore, there was no surprise as to the violation of community supervision that Lovell allegedly committed. *See Chacon v. State*, 558 S.W.2d 874, 876 (Tex. Crim. App. 1977); *see also Hernandez Barocio v. State*, No. 06-02-00185-CR, 2004 WL 177559, at *3 (Tex. App.—Texarkana Jan. 29, 2004, no pet.) (not designated for publication). Furthermore, the variance between the evidence of when the new offense occurred and the date alleged in the motion, January 29, is not so

great as to prejudice Lovell's defense. *See Hernandez Barocio*, 2004 WL 177559, at \*3. We conclude that the motion to revoke, as written, informed Lovell of the charge against him sufficiently to allow him to prepare an adequate defense at the revocation hearing; therefore, the variance between the allegations and the proof was not fatal. Furthermore, the evidence presented at the revocation hearing was sufficient to prove by a preponderance of the evidence that Lovell intentionally and knowingly caused bodily injury to Misty, a member of his family, by choking her and biting her finger, and thereby violated a condition of his community supervision. We overrule Lovell's second issue.

Having overruled both of Lovell's issues, we affirm the trial court's judgment.


REX D. DAVIS
Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed
Opinion delivered and filed February 15, 2012
Do not publish
[CR25]